UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------x
In re:

1490 Bedford Avenue LLC,                                            Chapter 11

        Debtor.                                                          Case No. 16-41526-ess

-------------------------------------------------------x

**DEBTOR'S REPLY TO OPPOSITION OF SECURED CREDITOR
TO DEBTOR'S MOTION TO OBJECT TO CLAIM AND FOR APPROVAL OF
DISCLOSURE STATEMENT**

      1490 Bedford Avenue LLC ("Debtor"), as debtor and debtor in possession in the above-captioned chapter 11 case, as its response to the objection of Bedford Partners 2010 LLC ("Partners") to the Debtor's motion objecting to Partners' claim and to the Debtor's proposed disclosure statement, respectfully represents:

      Ignoring all the window dressing, Partners' opposition to Debtor's objection to its proof of claim is predicated on a basic and fundamental error of fact on Partners' part, upon which all of its argument depend.

      There has never been a trial, or a motion for summary judgment, and thus there is no res judicata or *Rooker Feldman* effect. Law of the case is not applicable either.

      The doctrine of the "law of the case" is a rule of practice, an articulation of sound policy that, when an issue is once judicially determined, that should be the end of the matter as far as Judges and courts of co-ordinate jurisdiction are concerned ( *United States v United States Smelting Co.*, 339 U.S. 186, 198; *Insurance Group v Denver & R.G.W.R. Co.,* 329 U.S. 607, 612; *Messenger v Anderson*, 225 U.S. 436, 444; *Telaro v Telaro*, 25 N.Y.2d 433, 437-438.

      As a threshold matter, in determining whether law of the case applies, the procedural posture and evidentiary burdens of the litigants must be considered. (See e.g. *191 Chrystie LLC v. Ledoux*, 82 AD3d 681, 920 N.Y.S.2d 324 [1st Dept 2011]; *Tenzer, Greenblatt, Fallon & Kaplan v. Capri Jewelry*, 128 A.D.2d 467, 513 N.Y.S.2d 157 [1st Dept. 1987].

A motion for the appointment of a receiver in a mortgage foreclosure case where the underlying mortgage provides for such appointment, and thus its interpretation is controlled by RPAPL 254(10), cannot determine ultimate issues. Only a trial or motion for summary judgment can do that. In fact, Partners argued successfully in state court in support of its motion to appoint a receiver that such a motion did not require a "mini-trial" at which the issue of default would be adjudicated on the merits simply to appoint a receiver. Partners cited *Meyer v. Indian Hill Farm, Inc.*, 258 F.2d 287, 293-94 (2d Cir. 1958) in support of its ultimately successful argument that it only needed to make a prima facie case of default. Partners also cited *500 West 172nd Street Realty v. Romax Properties Corp.*, 126 Misc. 268, 270-71 (N.Y. County 1984) for the proposition that a simple showing of default is all that is necessary for the appointment of a receiver because the court has the equitable power to review the continuation of the receiver at a later date. Partners' having successfully argued that it did not have to prove the merits of its foreclosure action in state court is estopped from arguing here that the state court did in fact decide the merits.

Partners' position may be summarized as: after pre-answer dismissal was reversed by the Appellate Division, Second Department and the case remanded, the Supreme Court *adjudicated the claims of the parties,* by finding that the default claimed by Partners as successor plaintiff was valid, its acceleration of the mortgage upheld, and that is now the law of the case and *res judicata* in this court, protected by the *Rooker-Feldman* Doctrine. In fact, counsel even claims that the Appellate Division's decision did so as well—which is sheer nonsense – it reversed a pre-answer motion to dismiss by finding that some of the significant proof brought to bear was inadmissible on that type of motion.

No such adjudication of the ultimate merits has occurred in any forum. There has been no trial. No party filed for and was granted summary judgment. Rather, Debtor answered the complaint, and the case then continued until the bankruptcy stay, with discovery toward the ultimate trial eventually directed, after Partners delayed moving the case forward for more than three years.

Were the Supreme Court case to continue from its last procedural posture, there would eventually be a trial on the very issue of whether Debtor's defenses that it never defaulted on the

mortgage – and so no acceleration was warranted or contractually allowed – or whether Partners as successor of the original Plaintiff was entitled to accelerate and foreclose.

Partners's confusion stems from its misunderstanding of the posture, context and reach of the two orders he attaches and quotes from (at opposition exhibits "F" and "G"), both made in the context of the *provisional remedy* of appointment of a receiver. While each of the orders, make statements about defendant's defenses, they are only in the context of whether a receiver should be appointed, and are akin to a likelihood of success on the merits standard, for purposes of an interlocutory injunction—which "…serves only to hold the matter in *statu quo* [sic] until opportunity is afforded to decide upon the merits" *J. A. Preston Corp. v. Fabrication Enterprises, Inc.*, 68 N.Y.2d 397, 402 (1986).

The December 7, 2015 Order cannot be divorced from its context or *its words* from which Partners cherry picks. The cherry picking is seen in the surrounding language from the quote Partners frames from the December 7 Order, appearing both before and after the excerpt. To wit: Justice Demarest wrote in advance of this language: "although Referee Allman notes a dispute regarding the failure to make payment in January 2010 which may require further inquiry…", and follows the quote with: "Plaintiff is therefore entitled to appointment of a receiver <u>pending further litigation</u>."

As to the March 31, 2016 order, it too is limited to its facts, procedural context and as it specifically quotes the mortgage provision authorizing the appointment of a receiver, RPAPL 254 (10) is invoked.

Partners also cites case law for the finding that if a person defaults on a loan payment, then acceleration and all other penalties under the mortgage contract is allowed. We have no squabble with the thrust of the case law, only its applicability. This too could only be relevant upon making the same false assumption that the factual predicate that the default and acceleration were adjudicated and upheld has already occurred. In the absence of a trial, or its equivalent on summary judgment, whether or not the default was allowed and acceleration permitted is the very question that was to be determined by the Supreme Court until stayed by the bankruptcy.

However, on *this contested proceeding* seeking to reduce Partners's claim, this Court is

empowered to take up the merits of the parties competing ultimate positions, as they have never before been decided. As the Debtor stated on the motion-in-chief, "The Debtor is prepared to submit evidence by way of testimony and documents showing that it did not default on the mortgage and tendered all payments requested by FSB or directed by Justice Steinhardt."

Meanwhile, much of the motion presented an analysis of why, even if this Court were to decline to take up the merits of whether the default and acceleration were warranted in the first instance—leaving that question for the trial in the Supreme Court—this court should reduce the interest charged by Partners by sitting on its rights in the Supreme Court action for over three years. The delay is not moving the case forward toward trial by not starting discovery until 2015, when Debtor answered the complaint in 2012.

Partners avoids the entire issue by first arguing that this too was already decided by the Supreme Court – an entirely inexplicable point, pointing to nothing in support. Not only did the Supreme Court never hear or decide this issue, but contrarily, as quoted on the motion, Justice Demarest noted in her order of July 23, 2015 that "following reversal by the Appellate Division, by order of April 10, 2012, of Justice Steinhardt's dismissal of this action in January 2011 on condition defendant make certain payments, no further action appears to have been taken to establish the merits of plaintiff's claims.

Second, they avoid the issue by pretending the issue is taking any action, rather than discovery to move the case toward trial. They tell this court of all their motion practice to have a receiver appointed, as somehow providing proof they did not delay, when that is not the issue at all, nor in the slightest relevant to the actual issue of their failure to move the case *toward trial*.

Wherefore, the Debtor respectfully requests that this Court overrule Partners's objection and grant the Debtor's motion, together with such further relief is just and proper.

Dated:  Brooklyn, New York
            September 22, 2016

                        ROSENBERG, MUSSO & WEINER, LLP
                                Attorneys for Debtor


                    By:_____/s/_____
                        Bruce Weiner
                        26 Court Street, Suite 2211
                        Brooklyn, New York 11242
                        (718) 855-6840